IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD WOMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0285-D |
| VS. | § | |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant, | § | |
| | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Home Depot U.S.A., Inc.'s ("Home Depot's") June 13, 2006 motion for leave to file third-party complaint against Darnell Anderson ("Anderson"), which plaintiff opposes, is granted.[1]

Under Fed. R. Civ. P. 14(a), a defendant may with leave of court cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Home Depot has demonstrated that leave to implead Anderson should be granted.

First, "Rule 14 should be liberally interpreted," 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1454, at 426 (2d ed. 1990), and Home Depot has met the standard for showing Anderson's potential liability to Home Depot.

Second, Tex. Civ. Prac. & Rem. Code § 33.004 (Vernon Supp. 2005) is not, as plaintiff

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

appears to suggest, an adequate substitute for a third-party action in the context of the present case. Under § 33.004(i)(1),

> [t]he filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person: (1) does not by itself impose liability on the person; and (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

*Id.*[2]  Home Depot seeks to hold Anderson liable.

Third, the proposed third-party action is neither obviously unmeritorious nor will it delay or prejudice the disposition of plaintiff's claim. *See* Wright et al., *supra*, § 1454, at 4262 ("The Advisory Committee's Note to the 1963 amendment indicates that the court retains its discretion to strike the third-party claim 'if it is obviously unmeritorious and can only delay or prejudice the disposition of plaintiff's claim.'").  The court "focus[es] on the merits of the impleader motion as they appear at the time it is made." *Id.* at 423.  It also gives "[c]onsideration . . . to avoiding circuity of litigation and duplication of effort, as well as promoting the expeditious operation of the court." *Id.* at 425-26 (footnotes omitted).  As to timeliness, plaintiff filed this case on February 14, 2006, five months ago.  None of the pretrial deadlines has expired, and the deadline to join parties does not expire until September 1, 2006.  The motion is therefore presumed to be timely. *Cf. Inline Corp. v. Tricon Rests. Int'l*, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (Fitzwater, J.) ("When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of

---

[2]Additionally, this court has suggested that it is open to question how § 33.004 functions procedurally in federal court. *See Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 & 2 n.6 (N.D. Tex. May 8, 2006) (Fitzwater, J.) (noting that court had applied § 33.004 in diversity case—citing April 14, 2006 order in this case—and would continue to do so until persuaded otherwise, but suggesting no view concerning whether in diversity case court must apply Texas pleading requirements or follow provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave).

timeliness.'" (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).

Home Depot's June 13, 2006 motion for leave to file third-party complaint is granted. It must file its third-party complaint within 10 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

July 14, 2006.

                    _____
                    SIDNEY A. FITZWATER
                    UNITED STATES DISTRICT JUDGE