IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HOWARD WOMACK,            §
                             §
              Plaintiff, §
                             § Civil Action No. 3:06-CV-0285-D
VS.                       §
                             §
HOME DEPOT U.S.A., INC., et al.,§
                             §
           Defendants. §

MEMORANDUM OPINION
AND ORDER

In this diversity action, plaintiff and plaintiff-intervenor move to dismiss the case without prejudice under Fed. R. Civ. P. 41(a)(2) so that they can proceed against all defendants in a subsequently-filed state court action. The court finds that the defendant who opposes the motion will not suffer plain legal prejudice if the case is dismissed, and that the court can address the defendant's concerns about wasted services by conditioning dismissal on payment of attorney's fees and expenses that are not directly usable in the state court case. Accordingly, the court conditionally grants the motion.[1]

I

While working at a Home Depot Transit Center, plaintiff Howard Womack ("Howard"), a forklift operator, sustained serious injuries when another forklift operator hit an exposed slippery spot on the facility floor, slid across the floor, and impacted another

_____

[1]There are other pending motions in this case. In view of this decision, the court declines to reach them.

forklift that in turn hit Howard.  Despite attempts over several months to save Howard's leg, it was necessary to amputate it. Howard has sued defendant Home Depot USA, Inc. ("Home Depot") in this court, seeking compensatory and exemplary damages and predicating subject matter jurisdiction on diversity of citizenship.[2]  Howard is a Texas citizen, and Home Depot is a citizen of Delaware (state of incorporation) and Georgia (state of principal place of business).  Womack alleges in his complaint that, due to natural causes and the chosen surface material of the floor, the warehouse facility floor would "sweat" and become "slippery."  Compl. ¶ 3.4.  His negligence claims against Home Depot were based originally on a theory of premises liability.

Home Depot obtained leave to file a third-party action against Darnell Anderson ("Anderson"), the forklift driver who allegedly struck the parked forklift that struck Howard.  Home Depot alleges that Anderson was negligent in his operation of the forklift and that Home Depot should not bear legal responsibility to the extent Anderson's negligence caused Howard's injuries.  It seeks contribution from Anderson for any liability that it may be adjudged to have to Womack.

Through the discovery process, Womack learned of several new

---

[2]Howard's wife Tracy intervened as a party-plaintiff.  Both Howard and Tracy move for voluntary dismissal.  For ease of reference, the court will refer to both of them in the singular as "Womack," and use the male pronoun "he."

potential defendants, and the court granted him leave to amend his complaint to sue them. Womack's second amended complaint names Randall-Paulson Architects, Inc. ("Randall-Paulson"), Abrams Construction, Inc. ("Abrams"), CalEast HD Limited, LP, CalEast HD, LLC, and Centerpoint Venture, LLC ("Centerpoint") as additional defendants. Womack asserts, *inter alia*, claims against the CalEast entities and Centerpoint as the owners of the facility at the time the accident occurred, alleging that they knew or should have known of the condition of the floor and had a duty adequately to warn Howard of the condition of the floor and to make the condition reasonably safe. Womack also asserts a claim for negligent design against Randall-Paulson, the facility architect, and a negligence claim against Abrams, the general contractor that built the facility. None of the additional defendants is a citizen of Texas, so adding them as defendants did not destroy the court's diversity jurisdiction.

The statute of limitations on Womack's action expired December 31, 2006. On December 14, 2006 Randall-Paulson alerted Womack that three Trammel Crow companies were also involved on the construction of the facility, and Womack discovered that Trammel Crow Company ("Trammel Crow") is listed as the builder on the building permit. Trammell Crow is a Texas corporation with its principal place of business in Texas. Also, during a recent inspection of the facility, Womack discovered that another Texas company, Equipment

Depot, Inc. ("Equipment Depot"), had a contract to maintain the forklifts that caused the injury in this case. Several forklifts on the inspection had warnings of bad breaks. Womack believes the Trammell Crow companies and Equipment Depot may be liable, at least partially, for Womack's injuries.

Adding the three Trammell Crow companies and Equipment Depot as defendants would destroy diversity jurisdiction and require that the court dismiss this case for lack of jurisdiction. Womack filed suit in state court before the expiration on December 31, 2006 of the statute of limitations. Womack now moves to dismiss this case without prejudice under Rule 41(a)(2) so that he can pursue his claims against all defendants in his state court lawsuit. Home Depot opposes the motion.

II

Rule 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Under Rule 41(a)(2), a motion "for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain

- 4 -

legal prejudice other than the mere prospect of a second lawsuit."

*Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir. 2002).

> [O]utright denial of a motion to dismiss should be reserved only for those cases where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.

*Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.).

Womack argues that the court should grant his motion because most defendants are not opposed to dismissal without prejudice and, to date, very little discovery has been completed. He argues that if the court denies the motion, there will be two concurrent proceedings: one in state court against the non-diverse defendants, and one in federal court against the current diverse defendants. Womack also maintains that Home Depot, which is opposed to voluntary dismissal, could have alerted him to the involvement of Trammell Crow when the lawsuit was initially filed. And he asserts that, if he were to wait until after the running of limitations and not attempt to add Trammell Crow or Equipment Depot as defendants, another defendant could wait until after the statute had expired, designate the non-diverse party as a responsible third party, and Womack would be unable to add the non-diverse party without destroying diversity. Womack reasons that, if diversity is

destroyed after limitations has run and the case is dismissed, he will be left with no recourse.

Home Depot opposes Womack's motion, arguing that it has already expended significant resources on discovery in this lawsuit, responding to numerous written discovery requests, participating in five depositions, permitting Womack's entry on the premises of the facility for inspection, and raising electronic discovery issues that have resulted in multiple pleadings and hearings.  Home Depot argues that it has exerted significant time and effort in designating responsible third-parties and pursuing third-party claims against persons who caused or contributed to the harm Womack alleges.  It argues that in light of its interest in having its third-party claims against Anderson under Rule 14(a) proceed in federal court, as well as the effort expended and costs incurred thus far with respect to discovery and pretrial matters, it would suffer clear legal prejudice if the court grants Womack's motion.  Home Depot maintains that it will suffer cognizable prejudice because it has already joined Anderson as a third-party defendant, it had difficulty serving him, and it is uncertain that it will be successful locating and serving him a second time. Therefore, it may be subjected to parallel litigation should it be forced to maintain the action in this court.  Home Depot also cites as evidence of prejudice the attorney's fees and defense costs it has incurred in conducting discovery and litigating motions in this

forum, and it urges that its exertion of significant time and effort supports denying voluntary dismissal. It points out that there is a pending motion by Anderson to compel arbitration, and, if the case is dismissed, the issue would be litigated in state court at additional cost. Home Depot maintains that it should not be faulted for failing to identify the Trammell Crow companies for possible negligent construction claims because in his original complaint, Womack asserted that the alleged condition resulted from natural causes and the chosen surface of the floor. Home Depot states that it was not aware of any evidence that Trammell Crow chose the surface of the floor or participated in the decision regarding the surface of the floor.

Alternatively, if the court grants Womack's motion to dismiss, Home Depot requests that as a condition of dismissal, the court require that Womack reimburse Home Depot for its reasonable attorney's fees and defense costs incurred in this action that will not translate to the state lawsuit. It asserts that these costs—covering six categories of expenses—total $15,326.59. Home Depot also requests that the court require Womack to agree that all written discovery in this case applies to the state lawsuit, and that Womack move the state court to enter an order regarding the parties' agreed computer research protocol.

Womack replies that this is a significant injury case with evidence that Home Depot was aware before the incident of the

- 7 -

problem with the warehouse flooring; if he waits until after
limitations has expired, defendants can designate non-diverse
companies as responsible third parties, and he cannot join them
without destroying diversity, resulting in dismissal without
recourse to a pending state case; there are no pending dispositive
motions and there has been no substantial weakening of his case; he
has steadfastly pursued discovery, and the discovery performed
through the filing of his motion to dismiss will be usable in the
state court case; the large majority of the other work done in this
case would have been performed had the case been filed in state
court; and he has a good reason for seeking dismissal and is not
attempting to avoid costs or to end a lawsuit that has been
substantially weakened or to avoid a pending dispositive motion.
Womack also argues that he has provided Home Depot with Anderson's
address; he and Home Depot have agreed on a computer protocol, and
he intends to request that the state judge institute the same one;
and Home Depot's request for attorney's fees includes a large
majority of discovery and work done in the present case that will
extend to the state court case, the parties can agree that all
discovery obtained in this court can be used in state court, and
Home Depot's affidavit and motion fail to provide sufficient
information so that the court and Womack can accurately determine
what fees are related to what activity, precluding Womack from
challenging the fee request.

III

To deny Womack's motion for voluntary dismissal, the court must be able to find that Home Depot will suffer some plain legal prejudice if the court grants the motion. *Elbaor*, 279 F.3d at 317 ("We have explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm.").

A

Home Depot's arguments essentially fall into these three categories: first, it has expended in this forum significant time and effort, and attorney's fees and defense costs, on discovery, litigating motions, and other pretrial matters; second, it has exerted significant time and effort designating responsible third-parties and pursuing third-party claims, and it will be prejudiced because it has already joined Anderson as a party, it had difficulty serving him, and it is uncertain whether it can locate and serve him a second time, possibly subjecting it to parallel litigation, and Anderson's pending motion to compel arbitration would have to be litigated in state court at additional cost; and third, in the alternative, if the court grants Womack's motion, the court should require that Womack reimburse Home Depot for its

- 9 -

reasonable attorney's fees and defense costs incurred in this action that will not translate to the state lawsuit, should require Womack to agree that all written discovery in this case applies to the state lawsuit, and should direct that Womack move the state court to enter an order regarding the parties' agreed computer research protocol.

B

The court concludes that Home Depot will suffer plain legal prejudice based on the reasoning presented in its first argument. Home Depot has failed to demonstrate that the expenses incurred in this forum would not largely have been incurred had the case been filed in state court in the first instance.   And the court is conditionally granting dismissal on Womack's reimbursing Home Depot for the attorney's fees and expenses that are not directly usable in the state court case.

The court also concludes that Home Depot's second reason for opposing Womack's motion does not justify denying it.   Home Depot can bring third-party actions and designate responsible third parties in a state court lawsuit.   And considering the state of the record of Anderson's active participation in this case, the court concludes that Home Depot's professed concerns about serving him in a second lawsuit are simply too speculative to warrant denying Womack's motion.   Womack has shown how he provided Anderson's address to Home Depot, and Home Depot's assertion that Anderson's

counsel is not required to waive service is not evidence that Anderson's attorney will not waive service or that Anderson cannot be served through reasonable efforts.

Two cases that Home Depot cites in its opposition brief can be distinguished from this suit. Home Depot cites *Doe v. Dow Chemical, Co.*, 343 F.3d 325 (5th Cir. 2003), to contend it will suffer cognizable prejudice through dismissal. In *Doe* the "United States had declined to intervene in the suit, a move which could be interpreted by Doe as substantially weakening his case," and "Doe's counsel had been sanctioned by the district court for failure to participate in the discovery process." *Id.* at 330. Thus the Fifth Circuit held that the district court did not abuse its discretion in refusing to grant Doe's motion to dismiss under Rule 41(a)(2). *Id.* Here, by contrast, Womack has diligently pursued discovery, the discovery that has already been conducted can be used in a state court lawsuit, and there is no basis to conclude that Womack's case has been weakened by a court ruling or that he is seeking to avoid a ruling on a pending dispositive motion.

Home Depot also relies on the Fourth Circuit's opinion in *Piedmont Interstate Fair Ass'n v. Bean*, 209 F.2d 942 (4th Cir. 1954), to contend that this court "should not frustrate the purpose of Rule 14 by 'too liberal an exercise of the court's power to allow a plaintiff to dismiss his case." D. Br. 4 (quoting *Piedmont Interstate Fair Ass'n*, 209 F.2d at 947). In that case the court

noted that

> the third party defendants, all of whom have
> their legal residence outside the State of
> South Carolina, have been summoned in the
> present litigation and have answered the third
> party complaint. Whether it would be possible
> to get service upon them again in South
> Carolina or elsewhere so that the respective
> rights and liabilities of the parties to the
> third party action could be determined in one
> suit is entirely conjectural.

*Id.* at 948. But Anderson's circumstances are dissimilar from those
in *Piedmont Interstate Fair Ass'n*. Anderson has actively
participated in this case, including filing a motion to compel
arbitration, and Home Depot's stated concerns about serving him are
speculative.

Home Depot's third reason for claiming legal prejudice is
largely coterminous with its alternative request for attorney's
fees and expenses incurred in the action for work that will not
translate to the state action. Home Depot maintains that the court
should require that Womack reimburse Home Depot for such fees and
costs and that he agree that all written discovery in this case
applies to the state lawsuit and that he move the state court for
an order that gives effect to the agreed computer research
protocol. Womack does not appear to contest the last two
conditions, and he appears to challenge the request for fees and
costs only based on the amount of the request and the lack of
specificity justifying that amount.

Home Depot contends that it is entitled to recover the sum of

- 12 -

$15,326.59 for attorney's fees and/or costs incurred in connection with the following:

> a.  Plaintiff's pleadings in the Federal lawsuit, including but not limited to its Answers, Certificate of Interested Persons, and Rule 26(a) disclosures;
>
> b.  Plaintiff's opposition to Home Depot's Motion for Leave to File Third-Party Claims against Darnell Anderson, which was based [on] Plaintiff's belief that the joinder of Darnell Anderson would defeat diversity jurisdiction;
>
> c.  Plaintiff's Motion for Temporary Restraining Order, Emergency Motion to Compel, and Motion for Protective Order filed on July 7, 2006;
>
> d.  Plaintiff's issuance of a subpoena duces tecum to Laura Harris-Krenz;
>
> e.  Motions for Protection from Plaintiff's deposition notices; and
>
> f.  Depositions of Mike Waldrep, Craig Stone, Laura Harris-Krenz, Howard Womack, and Rusty Womack.

D. Resp. 7 (emphasis omitted).

> A district court may reasonably impose attorney's fees and costs as a condition for dismissal where, at plaintiff's instance, the litigation will not result in a merits resolution. If it appears that the plaintiff intends to refile the action in another forum, or that a similar action is pending before a different court, and that discovery and other pretrial legal services will translate to the second proceeding, the court may adjust the fees and expenses accordingly.

*Radiant Tech. Corp.*, 122 F.R.D. at 204. The question the court must decide is whether Home Depot has shown that the entire sum of

$15,326.59 "will [not] translate to the second proceeding." *Id.*

The affidavit that Home Depot's counsel has submitted in support of the fee request describes the services that Home Depot contends "will be of no value in a State court action." D. App. 12-13. Counsel specifies the hourly rates of Home Depot's lead counsel and of associate attorneys, and he avers that the hours spent were reasonable. *Id.* at 13. He opines that the total sum of $15,326.59 is reasonable for such services, and he states that he will provide the court with unredacted bills, if necessary, that reflect these fees and expenses. *Id.* at 13-14.

The court cannot determine from this evidence whether an award of $15,326.59 is supported. Using the highest hourly rate claimed ($150)——because it is the most conservative for this purpose——and assuming that $15,000 of the claimed amount represents attorney's fees, Home Depot's attorneys spent 100 collective hours on services that supposedly have no value in state court. Moreover, at least two of the categories that Home Depot cites——motions for protection from Womack's deposition notices and the depositions of five witnesses——do not on their face appear to be wasted services that will not be fully or largely translatable to the state court suit. "Th[is] court will not order reimbursement for work that need not be duplicated or abandoned." *Radiant Tech. Corp.*, 122 F.R.D. at 205.

Accordingly, in granting Womack's motion on the condition that

he pay to Home Depot the attorney's fees and expenses that are not directly usable in the state court action, the court assumes the parties will resolve by agreement what those attorney's fees and expenses should be.  If, after engaging in negotiations undertaken in utmost good faith and with a high degree of professionalism, they cannot agree to a reasonable amount, the court will decide the amount, reserving the right to reduce the fees and expenses that Womack owes if Home Depot's position is unreasonable, and to increase the conditional fee award to Home Depot if Womack's position is unreasonable.

IV

Accordingly, Womack's motion to dismiss is granted on the condition that he pay to Home Depot its reasonable attorney's fees and expenses that are not directly usable in the state court action.  If the parties can agree on this amount, they may advise the court, and it will enter a conditional order of dismissal.  If they cannot agree, Home Depot must file a brief and supporting evidentiary appendix,[3] Womack must file a brief and any supporting evidentiary appendix within 20 days thereafter, and Home Depot may file a reply brief, but not additional evidence, within 15 days thereafter.

---

[3]Rather than submit documents *in camera* that Womack cannot fairly challenge, Home Depot should attempt to describe attorney services in terms that establish their reasonableness without revealing privileged communications, work product, or litigation strategy.

- 15 -

After the parties agree to, or the court calculates, the appropriate fees and expenses to be paid, Womack has four options. First, he can accept the dismissal with its condition, in which case Home Depot will have an enforceable judgment that it can execute. *Id.* (citing *Yoffe v. Keller Indus., Inc.,* 582 F.2d 982, 983 (5th Cir. 1978) (per curiam) (opinion denying panel rehearing)). Second, Womack can decline to dismiss, decline to pay, and take his chances at trial. *Id.* Third, he can accept the dismissal and decline to pay, and the court can dismiss this case with prejudice. *Id.* Fourth, he can withdraw his motion. *Id.* at 205-06. Accordingly, within 14 days of the date the reasonable fees and expenses are set by agreement or by the court, Womack must inform the court of the option he has elected, and the court will proceed in accordance with the election.

*   *   *

Womack's January 4, 2007 amended motion to dismiss is conditionally granted, and he and Home Depot must promptly attempt

- 16 -

to resolve by agreement the amount of reasonable attorney's fees and expenses to be awarded or, failing agreement, initiate the briefing process needed for setting such fees and expenses as a condition of dismissal.

**SO ORDERED.**

February 15, 2007.


_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 17 -